UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00113-JRS-DML |
| | ) | |
| TIONI BURNETT, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order Denying Defendant's Second Motion for Pretrial Release**

Defendant Tioni Burnett moves, for the second time, to be released from pretrial detention due to the COVID-19 pandemic. (ECF No. 54.) The Government opposes release. (ECF No. 57.) For the following reasons, Defendant's motion is **denied**.

Burnett has been indicted for Possession with Intent to Distribute Marijuana, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Distribution of Marijuana. (Indictment, ECF No. 14.)

Magistrate Judge Baker held a detention hearing and ordered Burnett detained pending trial, finding, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community, and by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure Burnett's appearance as required. Judge Baker based his decision on the strength of the evidence, the potential for a lengthy period of incarceration, participation in criminal activity while

on supervision, lack of stable employment, and failure to appear in court as ordered. (ECF No. 11 at 2–3.)

Thereafter, Burnett moved for temporary release to home incarceration, asserting that he faces higher risk for contracting and developing a severe case of COVID-19 because of asthma, which he has had since childhood. (ECF No. 43.) Judge Pratt denied his motion, finding that Burnett's childhood asthma could be adequately treated; that Burnett's proposed residence was the same residence where he conducted his alleged drug trafficking business while armed, often in front of his very young children, and where the search warrant revealed pounds of marijuana, cash, and firearms; and that Burnett allegedly conducted additional drug trafficking while under pretrial supervision and had previously failed to appear. (ECF No. 51 at 5.)

Burnett now moves once again for release due to COVID-19, claiming that an increase in scientific knowledge of the scope of harm caused by COVID-19 warrants reconsideration of his detention order. (ECF No. 54.) The Government responds that Burnett has not provided any information that makes a material difference and that Burnett has not offered any convincing reason that he ceases to pose a danger to the community.

A judicial officer shall order pretrial detention if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). To determine whether any conditions could "reasonably assure" a defendant's appearance and the community's safety, the Court considers four factors: (1) the nature and

circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether at the time of the instant offense the defendant was subject to court supervision; and (4) the nature and seriousness of the danger to any person in the community. *See id.* § 3142(g).

A detention hearing "may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of whether any conditions will reasonably assure the defendant's appearance and the community's safety. *Id.* § 3142(f). In addition, a judicial officer "may, by subsequent order, permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The information attached to Burnett's motion pertains to the severity of COVID-19. *Id.* § 3142(f). It does not have "a material bearing" on whether any conditions will reasonably assure Burnett's appearance and the community's safety, so re-opening the detention hearing is not warranted. Moreover, the information—that COVID-19 can result in permanent lung damage, heart damage, and even cognitive

3

disfunction—does not present a "compelling reason" to permit temporary release. The risks of COVID-19 are faced by all humankind. Nothing in Burnett's motion indicates a particularized risk to Burnett to warrant temporary release under § 3142(j).

The Centers for Disease Control and Prevention ("CDC") only lists older adults or people with certain medical conditions as those who are at increased risk for severe illness. *People Who Are at Increased Risk for Severe Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Aug. 13, 2020). The new and evolving data on the long-term effects of contracting COVID-19 cited in Burnett's motion present no evidence of particularized risk for Burnett. Indeed, Burnett is twenty-five years old and considered low risk by the CDC. Medical conditions the CDC lists as putting an individual at increased risk include cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state, obesity, serious heart conditions, and type-2 diabetes—none of which Burnett claims to have. Even if Burnett suffered from any of these conditions, though, courts have been unwilling to release defendants despite their status as an "at-risk individual." *See, e.g.*, *United States v. Young*, No. 2:18-CR-21-2-TLS-APR, 2020 WL 2092837, at *5 (N.D. Ind. Apr. 30, 2020).

Not only does Burnett not fall into a severe-risk category according to CDC guidelines, but the reasons for detention cited by Judge Baker and Judge Pratt remain unchanged, notably at least Burnett's prior failures to appear and his

4

proposal that he be released to the residence where he conducted his alleged drug trafficking business while armed, often in front of his very young children.

## Conclusion

While the Court is sympathetic to the concerns regarding the spread of COVID-19, Burnett presents a significant flight risk and a safety risk to the community if released, while not falling into a severe-risk category regarding COVID-19. Accordingly, Defendant's motion (ECF No. 54) is **denied**.

**SO ORDERED**.

Date: 8/19/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harold Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS
sam.ansell@fd.org

Amanda Kester
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
amanda.kester@usdoj.gov